|   |   |
|---|---|
| UNITED STATES DISTRICT COURT<br>DISTRICT OF PUERTO RICO | |
| DAVID GÓMEZ-OLMEDA,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil No. 08-1657 (JAF)<br><br>(Crim. No. 03-073) |

**O R D E R**

Petitioner David Gómez-Olmeda moves for habeas corpus relief from a federal court conviction pursuant to 28 U.S.C. § 2255. Docket No. 1. Respondent the United States of America responds. Docket No. 3.

On November 12, 2003, Petitioner, David Gómez-Olmeda, pled guilty to violations of 18 U.S.C. §§ 2114, 2112, 924(j), 844, 1361, and 922(g)(1), for his involvement in a homicide committed against an FBI informant. Case No. 03-073, Docket No. 156. On September 10, 2004, Petitioner filed a pro-se motion to withdraw his guilty plea. Case No. 03-073, Docket No. 245. On September 23, 2004, through counsel, Petitioner withdrew his motion and we sentenced Petitioner to life imprisonment. Case No. 03-073, Docket No. 247. On September 27, 2004, Petitioner appealed his conviction to the United States Court of Appeals for the First Circuit. Case No. 03-073, Docket No. 248.

On November 8, 2004, Petitioner filed a motion for this court to correct his sentence pursuant to 28 U.S.C. § 2255, claiming that he received ineffective assistance of counsel. Case No. 03-073, Docket No. 259; Case No. 04-2229, Docket No. 1. We denied that motion on

Civil No. 08-1657 (JAF)                                                        -2-

the merits on June 3, 2005, while Petitioner's appeal was still pending before the First Circuit. Case No. 04-2229, Docket No. 3. Petitioner did not appeal our denial of his habeas petition.

On September 8, 2008, the First Circuit denied Petitioner's appeal. United States v. Forteza-García, 2006 WL 4399664 (1st Cir. Sept. 8, 2006). The First Circuit noted that we had erred in addressing the merits of Petitioner's § 2255 petition while the direct appeal was pending. Id. at *3. The First Circuit stated that it had no jurisdiction to correct our judgment in Petitioner's first habeas case because Petitioner had not appealed, and refrained from deciding whether a subsequent § 2255 petition should be treated as a "second or successive" motion. Id. However, the First Circuit informed Petitioner that if he believed a new motion should not be treated as "second or successive," he should file his § 2255 petition in the district court and argue why it should not be so treated. Id.

On June 17, 2008, Petitioner filed the present § 2255 petition in Federal District Court. Docket No. 1.

We have jurisdiction to entertain a § 2255 motion when the petitioner is in custody under the sentence of a federal court. See 28 U.S.C. § 2255. Section 2255 provides four grounds under which a federal prisoner challenging the imposition or length of his sentence may seek relief. The petitioner may argue that: (1) the court imposed the sentence in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum time authorized by law; or (4) the sentence is otherwise subject to collateral attack. See id. Should a court find any of these errors, it "shall vacate and set the judgment aside and shall discharge the

Civil No. 08-1657 (JAF)                                                    -3-

prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id.

The court may only entertain a second or successive § 2255 petition if it contains newly-discovered evidence that establishes the petitioner's innocence by clear and convincing evidence or if it relies upon a new rule of constitutional law that applies retroactively. § 2255(h).

Petitioner argues that his sentence was unconstitutional because his counsel was ineffective. Docket No. 1. His petition is identical to the petition we rejected on the merits in 2005. Compare Docket No. 1 with Case No. 04-2229, Docket No. 1. While we recognize that we erred by deciding Petitioner's first petition prior to the conclusion of his direct appeal, Petitioner has offered no reason why our previous merits determination was tainted by this error. Docket No. 1. Nor has he argued, as instructed by the First Circuit, that his motion should not be treated as a second or successive motion under the federal habeas statute. See Forteza-Garcia, 2006 WL 4399664 at *3; Docket No. 1. Accordingly, we reject Petitioner's motion as a second or successive motion for which no justification exists. See § 2255(h).

Therefore, we **DENY** Petitioner's § 2255 motion, Docket No. 1, **WITH PREJUDICE**. Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings, summary dismissal is in order because it plainly appears from the record that Petitioner is not entitled to § 2255 relief in this court.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 31st day of October, 2008.

                                        S/José Antonio Fusté
                                        JOSE ANTONIO FUSTE

Civil No. 08-1657 (JAF)                                          -4-

1                                          Chief U.S. District Judge